IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NEWELL RUBBERMAID, INC., | ) | CASE NO. 5:07cv88 |
| Plaintiff(s), | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| RAYMOND CORPORATION, et al, | ) ) | AMENDED CASE MANAGEMENT PLAN AND TRIAL ORDER |
| Defendant(s). | ) ) | |
| | ) ) ) | |

## I.  TRACK ASSIGNMENT

Upon consideration of the Local Rules for the United States District Court for the Northern District of Ohio, the Court assigns this matter to the **Standard Track**.  Accordingly, the Court sets forth the following deadlines:

(1) Deadline to Add Parties or Amend Pleadings: **June 25, 2007**

(2) Deadline for Completing Non-Expert Discovery: **December 28, 2007**

(3) Deadline for Plaintiff(s) to Identify Experts(s) and Provide
Reports in Compliance with Civil Rule 26(a)(2):  **January 7, 2008**

(4) Deadline for Defendant(s) to Identify Expert(s) and Provide
Reports in Compliance with Civil Rule 26(a)(2):  **February 4, 2008**

(5) Deadline for Completing Expert Discovery:  **February 29, 2008**

## II.  STATUS REPORTS

Beginning forty-five (45) days from the date of this Order, counsel shall submit Status Reports to the Court every forty-five (45) days during the pendency of this matter.  Status Reports

are to briefly state the following: (1) discovery that has occurred during the reporting period; (2) settlement discussions that have occurred during the reporting period; (3) motions that have been filed or remain pending during the reporting period; and (4) any developments that might give rise to a request to deviate from the schedule outlined in this Case Management Plan and Trial Order. These are to be procedural reports; they are not to contain substantive discussions of the merits of any claims or defenses asserted. Failure to file Status Reports will affect the Court's willingness to grant requested extensions of time to perform any acts required under this Order or under any applicable federal or local rule of procedure. Repeated failures to file Status Reports may result in additional sanctions, including dismissal of claims or defenses under Rule 41(b) of the Federal Rules of Civil Procedure. If any party wishes to disclose, in a Status Report, sensitive procedural matters (*e.g.*, a request for a settlement conference, or personal reasons why extensions of time are requested), that party may submit its Status Report *ex parte*.

### III.  MOTIONS PRACTICE

All motions and related documents filed with the Court must comply with the Local Rules for the United States District Court for the Northern District of Ohio. The Local Rules place limitations on the length of memoranda relating to dispositive motions. Specifically, such memoranda shall not exceed twenty (20) pages for Standard Track cases.

Parties must submit an affidavit along with such memoranda specifying the assigned case track and certifying that the memorandum adheres to the page limitation. The Court will not increase the page limitation except in extraordinary circumstances.

Motions, related memoranda, and all other documents submitted to the Court shall comply with Local Rule 10.1 concerning document format. All documents filed in this action, whether electronically or by other means, shall be presented in the following form:  all margins shall be at

least one inch; the main text of all documents shall be at least 12-point, double-spaced non-condensed type ("non-condensed type" referring either to Times New Roman type or to another type that has no more than 80 characters to a line of text); footnotes and block quotations may be single-spaced; and footnotes may be in a different-size font, no smaller than a 10-point single-spaced type font.   Compliance with the foregoing requirements will be judged in comparison with the Court's own WordPerfect and Microsoft Word generated documents.  Both paper documents and electronically-filed documents when printed out will be held to this standard.  Nonconforming documents may be stricken, in the Court's discretion.

Records used to support or oppose any motion (*e.g.,* deposition transcripts) shall be excerpted and submitted in part, rather than in their entirety.  Parties shall submit that portion relevant to the issue in question and not more than two (2) pages in addition to establish context.  Parties must consult the Electronic Filing Policies and Procedures Manual to verify that a particular document is suitable for electronic filing.

## IV.  FILING OF MOTIONS TO DISMISS AND SUMMARY JUDGMENT

The Court will hold a defendant who files a motion under Rule 12 of the Federal Rules of Civil Procedure to the requirements of Rule 12, including in particular the timing requirements of Rule 12(a)(4).

Each party may file only one summary judgment motion.  A party must seek leave of Court if he or she wishes to file any additional or supplemental motions.  A courtesy copy of each dispositive motion and supporting brief, brief in opposition thereto and reply brief in support thereof – including all exhibits and appendices thereto – shall be delivered to chambers no later than one (1) business day after it is filed.

## V.  PRE-TRIAL AND STATUS CONFERENCE

A final pre-trial conference will take place on **March 26, 2008** at **4:30 p.m.**  The following persons must attend both the status conference and the final pre-trial conference: counsel, anyone with settlement authority and parties/party representative(s).  These persons are required to attend unless prior approval of their absence is received.

Parties shall meet at least ten (10) days before the pre-trial conference to determine whether they can enter into stipulations relative to any facts or issues.

Parties must electronically file a proposed Stipulation & Order at least three (3) days before the date of the pre-trial conference.  The required form of this proposed Stipulation & Order is attached hereto as Appendix A.

## VI.  TRIAL

### A.  General

The Court has set this matter for a jury trial on a two-week standby period beginning on **April 21, 2008.**  Parties must keep in regular contact with the Courtroom Deputy Clerk to determine the exact starting date for the trial.  Parties may reach the Courtroom Deputy Clerk at (330) 252-6060.

The trial day will begin promptly at 8:00 a.m. and will conclude at approximately 5:00 p.m.  During each trial day, the Court will adjourn for lunch for approximately forty-five (45) minutes.

### B.  Trial-Related Motions

Parties shall file all trial-related motions, including but not limited to motions *in limine*, three (3) days before the final pre-trial conference.

## C.  **Witnesses and Exhibits**

Parties shall file witness lists along with the final pre-trial order three (3) days before the final pre-trial conference.  The order in which witnesses are listed is the order in which such witnesses will be called unless the Court is presented with a revised order of witnesses' appearance at least 48 hours in advance of such appearances.  Parties may seek leave to call witnesses out of order for reasons that could not reasonably be anticipated.

Leave to call additional witnesses may be granted by the Court in unusual situations. Parties seeking such leave must file a motion to add witnesses and serve a copy upon opposing parties with names, addresses and an offer of proof of such witness's testimony at least three (3) days before trial.

The Court strongly advises counsel to over-schedule their witnesses.  Should a party run out of witnesses on any given trial day, the Court will presume that the party has rested its case.

Counsel shall submit to the Court on the morning the trial begins one (1) copy of all proposed exhibits along with an index (form attached hereto as "Appendix B") containing a brief description of each exhibit.  Exhibits shall be exchanged between counsel before trial.

Counsel shall mark all exhibits before trial with official or similar exhibit stickers. Plaintiff(s) shall mark exhibits with numbers, and Defendant(s) shall mark exhibits with letters.  If there are multiple parties on a side, each party shall use numbers or letters, followed by the party's last name (*e.g.*, "1-Smith" or "A-Jones").  If the defendant has more than 26 exhibits, double letters shall be used (*e.g.*, "AA"). The case number shall appear on the stickers.

5

### D.  Use of Depositions as Evidence

If the parties intend to use depositions as evidence during the trial, the parties must file these depositions by the time of the final pre-trial conference with the portions to be read identified therein.  As appropriate, an opportunity will be given to the opposing party to read any omitted portion into the record at trial.  Parties will be notified at trial of rulings on all objections pertaining to the depositions.

### E.  Nonjury Trials

For matters not submitted to a jury, the Court requires counsel to submit the following at least one (1) week before the standby trial period: a statement of the issues; proposed findings of fact; and proposed conclusions of law.  The parties also must file any trial briefs no later than one (1) week before the standby trial period.

The Court may order the parties to submit post-trial briefs.  These briefs will be limited to specific issues designated by the Court during or after trial.  The Court may permit counsel to file supplemental findings of fact and conclusions of law following trial.  Parties must exchange any trial or post-trial briefs, as well as any supplemental findings of fact or conclusions of law.

### F.  Jury Trials

The Court will conduct initial *voir dire* of the entire panel and of individual panel members. The Court thereafter will allow one attorney for each party to question individual panel members briefly on issues not addressed by the Court. The Court will discontinue counsel's *voir dire* questioning if it appears to the Court that counsel seeks to accomplish something other than eliciting information regarding the panel member's background, biases or suitability for service.

6

Proposed questions for the Court's *voir dire* are to be submitted fourteen (14) days before the final pre-trial.

Counsel will exercise their juror strikes at sidebar immediately following *voir dire*. First, plaintiffs will present all motions to strike for cause; then, defendants will present all motions to strike for cause. After the Court rules on these motions, counsel may exercise their peremptory strikes. Counsel may use any peremptory strike to remove any potential juror from the panel. "Back strikes" are allowed. It will be clear which jurors have been stricken. There are no blind strikes. The Court keeps a chart tracking which jurors would be seated at any given time. Jurors will not know why they were stricken, or by whom.

All challenges, including challenges under *Batson v. Kentucky*, 476 U.S. 79 (1986), are to be made during sidebar when counsel exercise their strikes, and the Court will rule upon these challenges outside the hearing of the jury. Challenges not made at this time are waived.

Counsel shall submit proposed jury instructions to the Court no later than one (1) week before the date of trial. Counsel shall exchange any proposed jury instructions. Proposed instructions regarding issues that could not reasonably have been foreseen may be filed later, but at least twenty-four (24) hours prior to final argument.

Proposed jury instructions are to include instructions on all issues relating to the case. Each proposed instruction shall be on a separate 8 ½" x 11" sheet of paper identified as "Plaintiff(s)/Defendant(s) Requested Instruction No. ___." Each instruction must contain a citation to the authority upon which counsel relies. The Court will reject any proposed instruction that does not contain a citation to authority.

The Court uses as sources for jury instructions, among others, Pattern Instructions of the

7

Sixth Circuit, Kevin F. O'Malley, et al., Federal Jury Practice and Instructions (5th ed. 2001), and Ohio Jury Instructions.

In some cases, jurors better understand the testimony presented when they are permitted to pose questions to the witness.  Accordingly, the Court may permit jurors to submit proposed questions for the witnesses.  Any such questions will be submitted to the Court in written form. The Court will then discuss the proposed question with counsel in a sidebar conference.  The Court will ultimately decide whether to ask the proposed question.  If the Court asks any proposed question, the Court will allow the parties to ask follow-up questions limited to the area of the juror-proposed question.

## VII.  ELECTRONIC COURTROOM

The Court has a courtroom equipped with advanced technology.  The Court encourages counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this technology well in advance of trial.

## VIII.  CHANGE OF ADDRESS

Counsel shall notify the Court and the Clerk of this Court by letter of any address, e-mail address, or telephone number changes to assure proper notification.

**IT IS SO ORDERED.**

Dated:  October 23, 2007                                    s/   *Sara Lioi*
                                                                  **SARA LIOI**
                                                                  **UNITED STATES DISTRICT JUDGE**

# APPENDIX A

A Stipulation & Order following the format shown below must be jointly prepared and electronically filed by counsel at least three (3) days prior to the date of the final pre-trial conference.  Specific reference is made here to the terms of the Trial Order that shall be read and applied in conjunction with the format below.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 0:00-CV-0000 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Sara Lioi |
| | ) | |
| JANE DOE, | ) | |
| | ) | STIPULATION & ORDER |
| Defendant. | ) | |

## FINAL PRE-TRIAL ORDER

This action came before the Court at a final pre-trial conference held on the day of _____, 200_, pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**I.  APPEARANCES**:

For Plaintiff(s):

For Defendant(s):

**II.  NATURE OF ACTION AND JURISDICTION:**

A. This is an action for_____.

B. The jurisdiction of the Court is invoked under Title ___, United States Code, Section _____.

C. The jurisdiction of the Court is (disputed / undisputed).

## III.  <u>TRIAL INFORMATION:</u>

A. The estimated length of trial is _____ days.

B. Trial to (the Court/Jury) is set for (MM/DD/YYYY).

## IV.  <u>AGREED STATEMENTS AND LISTS</u>

A.  General Nature of the Claims of the Parties

(1)  Plaintiff Claims: (*e.g.*, "Plaintiff asserts in Count 1 a right of recovery for defendant's negligence as follows:")

(2)  Defendant Claims: (*e.g.*, "Defendant denies liability as asserted in counts for the following reasons."-  or - "Defendant as an affirmative defense asserts that plaintiff was contributorily negligent as follows:. . .").

B.  Uncontroverted Facts

Suggested Language:

"The following facts are established by admissions in the pleadings or by stipulations of counsel . . ." (set forth and number uncontroverted or uncontested facts).

C.  Issues of Fact and Law

Suggested Language:

(1) "Contested Issues of Fact:  The contested issues of fact remaining for decision are . . ." (list them).

(2) "Contested Issues of Law:  The contested issues of law in addition to those implicit in the foregoing issues of fact are:. . ." (set forth). OR "There are no special issues of law reserved other than those implicit in the foregoing issues of fact."

D.  Witnesses

Suggested Language:

(1) "Plaintiff/defendant will call or will have available for testimony at trial those

10

witnesses whose names are set forth on the attached witness list"  (see Appendix C).

E.  Expert Witnesses

    Suggested Language:

        "Parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed to opposing counsel: . . . ."

F.  Trial to the Court

    Parties must file a statement of the issues, proposed findings of fact, and proposed conclusions of law in accordance with the time limits set forth in the trial order.  Parties must also file any trial briefs in accordance with the time limits set forth in the trial order.

G.  Trial to a Jury

    Proposed voir dire questions and proposed jury instructions must be submitted to the Court in accordance with the time limits set forth in the trial order.

H.  Use of Depositions

    Suggested Language:

        "Testimony of the following witnesses will be offered by deposition/video tapes: . . ." OR "No testimony will be offered by deposition/video tape."

I.  Exhibits

    The parties will offer as exhibits those items listed herein as follows:

    (1)  Joint Exhibits - Appendix B (Use Roman Numerals).

    (2)  Plaintiff Exhibits - Appendix B (Use Arabic Numerals).

    (3)  Defendant Exhibits - Appendix B (Use Letters).

    (4)  Third-Party Exhibits - Appendix B (Use Letters Prefixed by Initial of Party).

J.  Pending Motions

    Suggested Language:

        "The following motions are pending at this time: . . ." OR "There are no pending

11

motions at this time."

K.  Settlement Efforts

Set forth status of settlement discussions between the parties.

**IT IS SO ORDERED.**

_____
JUDGE SARA LIOI
UNITED STATES DISTRICT JUDGE


Counsel for:  _____


Counsel for:  _____

## **APPENDIX B**

An Exhibit List following the format shown below, along with a copy of all exhibits, must be prepared and submitted by counsel on the morning the trial commences.  Specific reference is made here to the terms of the Trial Order that shall be read and applied in conjunction with the format below.

_____             CASE NO.  _____

PLAINTIFF(S),

vs.                                                    JUDGE SARA LIOI

_____

DEFENDANT(S).

| **PLAINTIFF/DEFENDANT/JOINT/THIRD-PARTY EXHIBITS** | | | | | | |
|---|---|---|---|---|---|---|
| **EXHIBIT I.D.** | **DESCRIPTION OF EXHIBIT** | **I.D.** | **OFFERED** | **OBJ.** | **ADMITTED** | **NOT ADMITTED** |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

13

## APPENDIX C

A Witness List following the format shown below must be prepared and submitted by counsel along with the final pre-trial order three (3) days prior to the final pre-trial conference. Specific reference is made here to the terms of the Trial Order that shall be read and applied in conjunction with the format below.

_____          CASE NO.  _____
                 PLAINTIFF(S),

           vs.                                          JUDGE SARA LIOI

_____
                 DEFENDANT(S).

| PLAINTIFF/DEFENDANT WITNESSES | |
|---|---|
| **NAME** | **SYNOPSIS OF TESTIMONY** |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

14